1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:18-cr-0019 JAM KJN P

12              Respondent,

13       v.                                 ORDER

14   SAMMY DAVID DEWITT MORGAN,

15              Movant.

16

17        Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set

18   aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant requests injunctive relief.

19        Movant alleges that since March 1, 2020, the warden at FCI Victorville has implemented

20   the following restrictions:  no access to legal publications, the prison law library, the commissary

21   to purchase legal materials and stamps, legal, non-monitored prepaid telephone calls during

22   regular business hours, xerox and copy machines.  (ECF No. 101 at 1-2.)  Movant contends that

23   such restrictions prevent him from complying with federal court rules and procedures in pursuing

24   his pending § 2255 motion.  He seeks access to legal publications, the prison law library, the

25   ability to purchase "legal peripheral materials and stamps," nonmonitored prepaid telephone calls.

26        "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter

27   v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A [party]

28   seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he

1

1    is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

2    tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v.

3    Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

4    An injunction may only be awarded upon a clear showing that the party is entitled to relief. See

5    Winter, 555 U.S. at 22 (citation omitted).

6        The right of meaningful access to the courts prohibits officials from actively interfering

7    with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350

8    (1996). The right of access to the courts is only a right to bring petitions or complaints to federal

9    court and not a right to discover such claims or even to litigate them effectively once filed with a

10    court. Id. at 354. The right "guarantees no particular methodology but rather, the conferral of a

11    capability -- the capability of bringing contemplated challenges to sentences or conditions of

12    confinement before the courts." Id. at 356.

13        Furthermore, there is no constitutional right of access beyond the pleading stages of a

14    habeas. Compare Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("the constitutional right

15    of access requires a state to provide a law library or legal assistance only during the pleading

16    stage of a habeas or civil rights action") with Silva v. Di Vittoriao, 658 F.3d 1090 (9th Cir. 2011)

17    (Only the right to pursue litigation efforts without active interference extends past the pleading

18    stage), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

19        Even if movant had a constitutional right of access at this stage of the proceedings, there is

20    no abstract, freestanding right to a law library or legal assistance. Casey, 518 U.S. at 351. An

21    inmate cannot establish actual injury "simply by establishing that his prison's law library or legal

22    assistance program is subpar in some theoretical sense." Id. In an access-to-the-court claim, the

23    inmate must submit evidence showing an "actual injury" resulting from such actions, that is, with

24    respect to an existing case, "actual prejudice with respect to contemplated or existing litigation,

25    such as the inability to meet a filing deadline or to present a claim." Id. at 348.

26        Movant has failed to so demonstrate. Moreover, movant does not explain the genesis of

27    the alleged restrictions, but by the timing, it appears such restrictions may be connected to the

28    COVID-19 pandemic. Most prisons are offering paging services to inmates in quarantine due to

1  the pandemic.  It is not clear whether FCI Victorville provides such services, or other means of

2  accessing legal reference materials, or if movant has been provided such alternative services.

3  However, review of the record suggests that FCI Victorville does offer alternative access to such

4  services.  Since the alleged restrictions were implemented, movant has filed a notice of appeal,

5  the instant § 2255 motion, multiple motions and requests, his reply to respondent's opposition, as

6  well as the instant motion for injunctive relief.

7        At this stage of the proceedings, however, it is not necessary to make such a

8  determination.  The § 2255 motion is fully briefed, and no filings by movant are required at this

9  time.[1]  Movant fails to demonstrate an actual injury, or submit any factual support for his request

10 as required under Winter.  Movant must demonstrate that absent such injunctive relief he is likely

11 to suffer irreparable harm; mere speculation is insufficient.  Mere "[s]peculative injury does not

12 constitute irreparable harm sufficient to warrant granting a preliminary injunction."  Caribbean

13 Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674–75 (9th Cir.1988).

14       Accordingly, IT IS HEREBY RECOMMENDED that the motion for injunctive relief

15 (ECF No. 101) be denied.

16       These findings and recommendations are submitted to the United States District Judge

17 assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

18 after being served with these findings and recommendations, movant may file written objections

19 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

20 and Recommendations."  Movant is advised that failure to file objections within the specified

21 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

22 (9th Cir. 1991).

23 Dated:  March 18, 2021

24

25                                              _____
                                               KENDALL J. NEWMAN
26 /morg0019.pi                                 UNITED STATES MAGISTRATE JUDGE

27 _____

28 [1]  Movant is currently represented by counsel in connection with a motion to reduce sentence
   pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release).  (ECF No. 104.)