UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>SAMMY DAVIS DEWITT MORGAN,<br><br>Movant. | No. 2:18-cr-0019 JAM KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Movant is a United States prisoner, proceeding pro se, with a motion attacking his sentence under 28 U.S.C. § 2255. (ECF No. 53.) As discussed below, the undersigned recommends that the § 2255 motion be denied, and denies movant's subsequent motion for emergency hearing.

Background

On December 21, 2017, a grand jury returned a two-count indictment against movant: count one -- felon in possession of a firearm (with three prior felony convictions); and count two -- felon in possession of ammunition (with three prior violent felony convictions); both in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1]  (ECF No. 3.)

---

[1] Section 922(g)(1) provides: "It shall be unlawful for any person -- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C.

1

On October 23, 2018, movant plead guilty to count one. (ECF No. 76.) In exchange for his plea and admission, respondent agreed to recommend that movant be sentenced to the low end of the applicable guidelines range as calculated by the court and, following judgment and sentencing, the respondent would move to dismiss count two of the indictment. (ECF No. 76 at 5-6.) Movant had sustained prior felony convictions, and the court would decide at sentencing whether such convictions subjected movant to a mandatory 15-year prison sentence. (ECF No. 76 at 5.)

During the plea hearing, movant admitted he was currently on parole, and the court warned movant that his guilty plea in the instant case could result in his parole or probation being revoked in such other cases, and movant "could be required to serve additional time in jail or prison in addition to what might be imposed in this federal case." (ECF No. 76 at 7.) Movant was advised that the maximum penalty the court could impose was:

> If I do find that you have three previous convictions for a violent felony or serious drug offense, or both, then under 18 U.S.C. Section 924(e)(1), the maximum sentence that I can impose is a term of imprisonment of not less than 15 years up to life in prison and/or a fine of $250,000, a term of supervised release for up to five years, and a mandatory $100 special assessment.
>
> If you're placed on supervised release and you violate the terms of your supervised release, you could be required to serve up to two additional years in prison.

(ECF No. 76 at 8.) The written plea agreement also set forth the maximum penalties movant faced, and estimated his base offense level at 33, noting § 4B11.4(b)(3)(B) - Armed Career Criminal. (ECF No. 25 at 6, 7.)

Further, at the guilty plea hearing, movant was informed that the court must consider sentencing guidelines and statutory sentencing factors to determine the appropriate sentence; and

---

§ 922(g)(1). Section 924(e)(1) provides: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." 18 U.S.C. § 924(e)(1).

the court has no authority to go below a mandatory minimum sentence. (Id.) Thus, if the court finds movant is subject to a mandatory minimum sentence, the court has no authority to sentence movant below such mandatory minimum. (Id.) Movant was informed that if the court did make such finding, sentencing would start at 15 years, and could go up from there. But if the court found that movant does not have three prior qualifying convictions, the mandatory minimum would not apply, and the court could go below, and the sentence would be based on the guidelines and other statutory sentencing factors. (ECF No. 76 at 8.) The court reminded movant that the court could not determine the actual sentence until the court reviewed the guidelines, the statutory sentencing factors, decided the issue regarding movant's prior convictions, and reviewed the presentence report from probation. (ECF No. 76 at 8-9.) The court advised movant that the court is not bound by any recommendations, and if the court decides not to accept any recommendations, movant is "still going to be bound by your guilty plea, and you'll have no right to withdraw it." (ECF No. 76 at 9.)

The court advised movant that by entering his guilty plea under the plea agreement, movant was giving up his right to collaterally attack or appeal all or any part of his plea and/or sentence the court imposes subject to any conditions in the plea agreement. (ECF No. 76 at 10.) The court asked movant if he understood that, and movant answered, "Yes." (ECF No. 76 at 10.) Defense counsel confirmed that she was satisfied that there was a knowing and voluntary waiver of the right to collaterally attack or appeal the plea or sentence by movant, subject to any conditions in the plea agreement. (ECF No. 76 at 10.)

The court advised movant of each of the constitutional rights he was giving up by pleading guilty, movant waived such rights on the record, and defense counsel joined in such waiver. (ECF No. 76 at 11.) The court found that movant was fully competent and capable of entering an informed plea, there was a factual basis for the plea, and that movant made a voluntary, knowing and intelligent waiver of his constitutional rights, and accepted his plea. (ECF No. 76 at 12.)

On October 22, 2019, judgment and sentencing hearing was held. The court found movant had sustained four convictions that qualify as violent felonies committed on a different

occasion, and thus found movant "should be sentenced as an armed career criminal." (ECF No. 75 at 6.) Movant confirmed he had enough time to discuss the presentence report with defense counsel. (ECF No. 75 at 7.) The court adopted the guidelines in the probation report, finding the offense level 30; criminal history category VI; guideline range 180 to 210 months, with a mandatory minimum of 180 months. (ECF No. 75 at 7.)

Just prior to sentencing, the court explained to movant that because there is a mandatory minimum in this case, the court could only go below the mandatory minimum based on the government's motion and recommendation. (ECF No. 75 at 11-12.) Because the government recommended a sentence of 153 months, the court could not sentence below 153 months.

Movant was sentenced to a term of 153 months in the custody of the Bureau of Prisons. (ECF No. 75 at 12.) Following release, movant is subject to a term of 60 months supervised release. (Id.) This sentence did not exceed the 180-month mandatory sentence movant was previously warned he could receive prior to the court accepting movant's guilty plea. Count two of the indictment was dismissed.[2] (ECF No. 75 at 14.)

Post-Conviction Filings

    District Court

On February 12, 2020, movant filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his term of incarceration and term of supervised release. Morgan v. Jusino, No. 5:20-cv-0285 DOC-E (C.D. Cal.). On February 26, 2020, the § 2241 petition was transferred to the Eastern District of California. Id., No. 2:20-cv-0603 CKD (E.D. Cal.). On June 18, 2020, the magistrate judge ordered movant to notify the court whether he consented to the court recharacterizing his § 2241 motion as a § 2255 motion, or whether he would withdraw the petition. No. 2:20-cv-0603 CKD (ECF No. 17.) Movant sought to withdraw the motion, which was granted on July 1, 2020, "so [movant] may bring all claims for relief in a single 28 U.S.C. § 2255 motion in criminal case number 2:18-cr-0019 JAM-1." No. 2:20-cv-0603 CKD (ECF No. 19.)

---

[2] Count two also carried a mandatory minimum sentence of fifteen years. (ECF No. 3.)

On March 19, 2020, movant filed another § 2241 petition in the Eastern District. Morgan v. Jusino, No. 2:20-cv-0605 GGH (E.D. Cal.). The assigned magistrate judge found that movant had raised claims identical to those raised in No. 2:20-cv-0603 CKD, and recommended dismissal of the petition as duplicative. Id. (ECF No. 5.) On June 16, 2020, the district court adopted the findings and recommendations and dismissed the petition. Id. (ECF No. 15.)

Court of Appeals for the Ninth Circuit

On April 28, 2020, movant filed a notice of appeal. United States v. Morgan, No. 20-10150 (9th Cir. Apr. 28, 2020). On May 6, 2020, the Ninth Circuit noted the untimely filing, and issued an order to show cause why the appeal should not be dismissed and stayed all briefing. Id. (ECF No. 3.) Movant filed multiple letters and documents seeking various forms of relief. Id. (ECF Nos. 6, 9-15.) On May 26, 2020, movant filed a motion styled "Motion to be excuse [sic] of late filing of Appeal." Id. (ECF No. 16.) On July 17, 2020, the Ninth Circuit dismissed movant's appeal as untimely and declined to address his claim of ineffective assistance of counsel. Id. (ECF No. 17.)

The Instant § 2255 Motion

As argued by the government, despite raising three separate grounds, movant essentially attacks the manner in which the court determined the sentence. Movant contends that the government and the probation officer encroached on the court's discretion by making "mandatory recommendations of enhancements" in the presentence report in violation of the Fifth, Sixth and Fourteenth Amendments. (ECF No. 53 at 4-5, 7.) Movant alleges that he was told "by the Court and its agents" that he was facing a 15 year mandatory minimum sentence because of the presentence report's enhancements and recommendation for a sentence of 195 months' incarceration and 60 months of supervised release, arguing that such "fraudulent acts" violated the separation of powers under "United States Supreme Court ruling on January 12, 2005 in Case No. 04-104, 04-105," which appears to refer to United States v. Booker, 543 U.S. 220 (2005) (rendering previously mandatory sentencing guidelines advisory).

////

////

Discussion

The undersigned finds that movant entered into a negotiated plea agreement with the government, a condition of which was that he not challenge his sentence through a § 2255 motion. The Ninth Circuit has found that a waiver of the right to file a § 2255 motion made pursuant to plea negotiations is enforceable except with respect to a claim that the waiver or plea was involuntary or that ineffective assistance of counsel renders the plea or waiver involuntary. See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005) (plea agreement waiving the right to file a federal habeas petition is unenforceable with respect to an ineffective assistance of counsel claim challenging voluntariness of the waiver). Movant fails to argue, or point to facts suggesting, that any part of his plea or waiver of his right to file a § 2255 motion was involuntary. Further, he does not allege he was subjected to ineffective assistance of counsel in any respect during the plea process.[3]

Generally, courts will enforce a § 2255 waiver if (1) the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). Here, the language of the waiver encompasses movant's right to file a § 2255 motion challenging his sentence. In his plea agreement, movant agreed not to contest his sentence in any post-conviction proceeding including a § 2255 motion or a § 2241 petition. Therefore, the undersigned finds that the claims raised in the § 2255 motion fall within the scope of the waiver.

In addition, movant's statements made under oath during the plea colloquy are entitled to a presumption of truthfulness. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption

---

[3] In claim three where he alleges a violation of his Fourteenth Amendment rights, movant makes a passing reference to defense counsel's performance, stating that "court appointed counsel neglect[ed] to inform me of the illegal fraudulent act the United States . . . brought against [movant] when allowing" the probation officer to include her recommendations that led to his sentence. (ECF No. 53 at 7.) But such unsupported and conclusory statement, without more, is insufficient for the court to construe as an ineffective assistance of counsel claim.

of verity."); United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Here, movant provides no reason for this court to doubt the truthfulness of his sworn statements that he understood the rights he was giving up and that he was doing so freely and voluntarily. Movant presents no new facts that would cast doubt on the voluntariness of his waiver. Therefore, the undersigned finds that the waiver was knowingly and voluntarily made based on movant's statements made under oath during the plea colloquy.

Movant was made aware of the potential consequences of his prior felony convictions at the time the court accepted his guilty plea, and was warned that it was possible he could face a mandatory minimum sentence of 180 months in state prison. Because it is clear that in his plea agreement movant waived his rights to bring the claims he now presents, and his plea was knowing and voluntary, the court recommends that movant's § 2255 motion be denied. The court need not address the other arguments raised in the parties' briefing.

Motion for Emergency Hearing

In light of the above, the undersigned finds there is no need for a hearing. The motion is denied.

Accordingly, IT IS HEREBY ORDERED that the motion for emergency motion (ECF No. 124) is denied.

Further, IT IS RECOMMENDED that:

1. Movant's July 15, 2020 motion attacking his sentence under 28 U.S.C. § 2255 (ECF No. 53) be denied; and

2. The Clerk of the Court be directed to close the companion civil case, No. 2:20-cv-1430 JAM KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/morg0019.257