UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMMY DAVIS DEWITT MORGAN,<br><br>Defendant. | No. 2:18-cr-00019-DAD<br><br>ORDER DENYING DEFENDANT MORGAN'S REQUEST FOR A REDUCTION OF SENTENCE AND FOR AWARD OF FIRST STEP TIME CREDITS<br><br>(Doc. Nos. 131, 133) |

On August 14, 2023, defendant Sammy Davis Dewitt Morgan ("Morgan") filed a *pro se*, handwritten "informal letter" requesting that the convictions making up his criminal history be expunged and his sentence imposed in this case be reduced. (Doc. No. 131.) On October 30, 2023, defendant Morgan filed another "informal letter" with the court requesting an order requiring the U.S. Bureau of Prisons ("BOP") to award him good conduct credits under the First Step Act ("FSA"). (Doc. No. 133.) On November 29, 2023, this case was reassigned to the undersigned. (Doc. No. 136.) Thereafter, on December 7, 2023, the court issued a minute order directing the government to respond to defendant's requests. (Doc. No. 137.) After receiving extensions of time to do so (Doc. Nos. 140, 143), on July 16, 2024 and July 18, 2024, the government filed its opposition to defendant's requests for relief. (Doc. Nos. 144, 146.) Defendant Morgan did not file any reply.

/////

1

Because defendant Morgan is not eligible for the relief he seeks, and because this court is not the appropriate venue for his request that he be awarded good conduct credits by the BOP, the court will deny both of his pending requests.

## BACKGROUND

On October 23, 2018, pursuant to a written plea agreement, defendant Morgan entered a plea of guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) as charged in Count 1 of the indictment. (Doc. Nos. 24, 25.) On October 22, 2019, the previously assigned district judge sentenced defendant Morgan to a 153-month term of imprisonment, followed by a 60-month term of supervised release, and $100 special assessment. (Doc. Nos. 48, 49.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 30, which included a four level upward adjustment under U.S. Sentencing Guidelines (U.S.S.G.) § 4B1.4(b) based upon a finding that he qualified as an armed career criminal. (Doc. No. 33 at 5–6.) Defendant's criminal history category was determined to be VI (based on a finding of 20 criminal history points as to his prior criminal convictions plus 2 status points for a total criminal history score of 22), resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 180 to 210 months. (Doc. No. 33 at 7–10, 18.) Defendant Morgan was sentenced to a below guideline term of 153 months in the custody of the BOP and judgment was entered on October 24, 2019. (Doc. Nos. 48, 49.) Defendant's appeal from his conviction was dismissed as untimely by the Ninth Circuit. (Doc. No. 55.) Defendant has filed several subsequent motions for post-conviction relief, all of which have been denied. (Doc. Nos. 116, 122, 127, 129.)

As noted above, in his first informal letter to the court requesting relief defendant Morgan contends that his prior felony convictions should be expunged due to changes in California law with respect to the sealing of certain convictions. (Doc. No. 131.) In his second informal letter to the court he contends that he is entitled to certain time credits under the FSA and that the BOP is improperly denying him those credits. (Doc. No. 133.) As explained below, defendant Morgan is not entitled to relief from this court on either ground he presents.

**ANALYSIS**

As to his first request seeking expungement of his criminal history that resulted in the increase in his advisory sentencing guideline range pursuant to U.S.S.G. § 4B1.4(b), defendant does not qualify for the relief he requests. *See McNeill v. United States*, 563 U.S. 816 (2011) (holding that application of the Armed Career Criminal Act depended on whether a prior conviction qualified under the Act at the time of the conviction regardless of later changes in the law); *Logan v. United States*, 552 U.S. 23, 31 (2007) (denying relief from sentencing under the Armed Career Criminal Act noting that "[n]one of Logan's battery convictions have been expunged, set aside, or pardoned."); *see also United States v. Garcia*, LA CR 14-00429 JAK (SSx), 2016 WL 10651055, at *4 (C.D. Cal. Oct. 25, 2016) (denying a motion to dismiss an Information in which it was alleged that the defendant had suffered two prior felony drug convictions even though those convictions had subsequently been reclassified as misdemeanors under California law). Here, none of Morgan's prior criminal convictions relied upon at sentencing have been expunged, set aside, or subject to pardon and, even if they had been, his right to possess firearms would not have been restored. *See* Cal. Penal Code § 1203.41(b). Accordingly, defendant Morgan is not entitled to relief on this ground.

Secondly, defendant Morgan requests that this court order the BOP to grant him time credits which he purportedly earned by completing FSA programming and to apply those credits toward his prison sentence. (Doc. No. 133.) However, when he filed this request for relief, the defendant was incarcerated at the BOP facility located in Butner, North Carolina where, according to the BOP Inmate Locator, he remains in custody today. A prisoner challenging the manner of a sentence's execution may seek relief pursuant to 28 U.S.C. § 2241 but the proper venue for such a petition is in the custodial court where the prisoner is confined. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000); *United States v. Lee*, No. 22-CR-6031-FPG, 2023 WL 3017279, at *2 (W.D.N.Y. Apr. 20, 2023) (denying a defendant's request that she be granted time credits under the FSA in part because the proper venue for any such petition brought under § 2241 was the district where the defendant was confined as opposed to the sentencing district). FCI Butner

3

lies in the Eastern District of North Carolina and venue over any challenge defendant Morgan wishes to bring as to the manner in which the BOP is awarding and applying time credits in his case currently lies in that district.

## CONCLUSION

For the reasons explained above, defendant Morgan's request for expungement of his prior convictions relied upon at his sentencing (Doc. No. 131) is denied. His request for an order directing the BOP to grant and apply FSA credits toward his prison sentence (Doc. No. 133) is denied without prejudice to its renewal in the district of his confinement.

IT IS SO ORDERED.

Dated:  **January 22, 2025**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE